### No. 928

REINING, Admx. v. GILMAN et

Ohio Appeals, 9th Dist., Summit Co.

No. 1093.  Decided Oct. 26, 1925

112.  ATTACHMENT—An undertaking in

an attachment is not fatally defective when the name of the surety who signed the bond was not filled in, in the blank space left for that purpose, in the body of the bond.

WASHBURN, J.

Bertha Reining sued Ocie Gilman and Frank Barnette, in the Summit Common Pleas to recover damages for wrongfully causing the death of a child; and in said suit she sued out an attachment against property of Gilman, on the ground that the defendants "criminally contracted the debt for which suit has been brought."

A motion was filed to discharge the attachment for the reason that the affidavit upon which it was issued, was insufficient in law and untrue in fact and because no proper undertaking in attachment was given. The trial court sustained the motion and discharged the attachment. Error was prosecuted to the Court of Appeals which held:

1. The right to proceed in the attachment is established by Montanari v. Haworth, 108 OS. 8, which decision was based upon the law before 12603-1 GC. became effective.

2. The claimed defect in the undertaking for attachment is that the name of the surety who signed the bond is not contained in the body thereof.

3. The body of the bond concerning this question reads as follows: "We, Bertha Reining, as such administrator - - - - -, joingly and severally bind ourselves etc.,"

4. "Such undertaking is not fatally defective because the name of the surety who signed the bond was not filled in in the blank space left for that purpose in the body of the bond." Partridge v. Jones, 38 OS. 375.

5. The other ground upon which the court based its decision discharging the attachment, involves a consideration of the evidence as to whether or not the debt for which suit was brought was criminally contracted.

6. Testimony offered by Reining and which was uncontradicted established that Gilman and Barnette were drinking intoxicating liquors while driving upon the streets with the automobile; that when they ran over and killed the child, they did not stop, even though attention of the driver was called to the fact that a child had been run over.

7. Gilman and Barnette did not testify at the hearing and their only denial of the detailed facts, if it can be considered a denial, is in the affidavit filed to discharge the attachment; and in which they say that it is untrue that they criminally incurred the debt upon which suit was brought.

8. This affidavit can hardly be considered as evidence having any probative effect as against the testimony of witnesses who swore to the detailed facts and circumstances above mentioned.

9. The Court should have found that defendants violated the statute of Ohio at the time the child was run over and killed; and the contrary finding of the trial court was manifestly against the weight of the evidence.

Order of the court in discharging the attachment is reversed with instructions to overrule motion to discharge the attachment.

Attorneys—L. J. Myers, and A. J. Russell for Reining; Musser, Kimber & Huffman for Gilman et; all of Akron.